# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-17V
Filed: September 1, 2017
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RITA ROLLINS and STEVE ROLLINS, as the Parents and Natural Guardians of M.R., a Minor, | \* \* \* | |
| Petitioners, | \* \* | |
| v. | \* \* \* | Tetanus-diphtheria-acellular pertussis ("Tdap") and meningococcal ("Menactra") vaccines; Guillain-Barré syndrome |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | ("GBS"); petitioners move to dismiss |
| Respondent. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Donald P. Edwards</u>, Atlanta, GA, for petitioners.
<u>Sarah C. Duncan</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On January 4, 2017, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular pertussis ("Tdap") and meningococcal ("Menactra") vaccinations their daughter M.R. received on June 16, 2014 caused her Guillain-Barré syndrome ("GBS"). Pet. at ¶¶ 2 and 3.

On August 3, 2017, the undersigned issued an Order after a telephonic status conference in which the undersigned and the parties discussed respondent's Rule 4(c) Report recommending

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

against compensation.  Several of M.R.'s contemporaneous medical records state the onset of her GBS began more than eight weeks after her vaccinations.  The undersigned stated that in Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469736 (Fed. Cl. Spec. Mstr. May 31, 2011), the undersigned dismissed a GBS case in which petitioner's onset was more than two months after her influenza vaccination.  Petitioners' counsel in the instant action stated during the status conference that he had forwarded respondent's Rule 4(c) Report to petitioners and to an expert, Dr. Albert Cook, a neurologist, for review.

On September 1, 2017, petitioners filed a Motion for Decision Dismissing Petition, stating that they will be unable to prove they are entitled to compensation, and that to proceed any further would waste the resources of the court, respondent, and the Vaccine Program.  Mot. at ¶¶ 1, 2.  Petitioners state they intend to elect to file a civil action once judgment on the dismissal is entered.  Id. at ¶ 5.

The undersigned **GRANTS** petitioners' Motion for Decision Dismissing Petition, and **DISMISSES** the petition.

## DISCUSSION

To satisfy their burden of proving causation in fact, petitioners must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioners must show not only that but for her Tdap and Menactra vaccinations, M.R. would not have had GBS, but also that Tdap and Menactra vaccines were substantial factors in causing M.R.'s GBS.  Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling in

petitioners' favor based solely on their allegations unsupported by medical records or medical opinion. M.R.'s medical records do not support causation. Petitioners have not filed an expert medical report to satisfy the requirements of proving causation in fact. Instead, petitioners move for a dismissal of their petition.

The undersigned **GRANTS** petitioners' motion and **DISMISSES** this petition for petitioners' failure to make a prima facie case of causation in fact.

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 26, 2017                    /s/ Laura D. Millman
                                              Laura D. Millman
                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.