In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-17V
Filed: September 28, 2017
Not for Publication

```
*************************************
RITA ROLLINS and STEVE ROLLINS,      *
as the Parents and Natural Guardians of  *
M.R., a Minor,                        *
                                      *
            Petitioners,              *
                                      *
v.                                    *   Attorneys' fees and costs decision;
                                      *   reasonable attorneys' fees and costs
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
*************************************
```

<u>Donald Philip Edwards</u>, Atlanta, GA, for petitioners.
<u>Sarah Christina Duncan</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 4, 2017, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that tetanus-diphtheria-acellular pertussis ("Tdap") and meningococcal ("Menactra") vaccinations their daughter M.R. received on June 16, 2014 caused her Guillain-Barré syndrome ("GBS").  Pet. at ¶¶ 2 and 3.

On August 3, 2017, the undersigned issued an Order after a telephonic status conference in which the undersigned and the parties discussed respondent's Rule 4(c) Report recommending against compensation.   Several of M.R.'s contemporaneous medical records state the onset of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

her GBS began more than eight weeks after her vaccinations. The undersigned stated that in Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469736 (Fed. Cl. Spec. Mstr. May 31, 2011), the undersigned dismissed a GBS case in which petitioner's onset was more than two months after her influenza vaccination. Petitioners' counsel in the instant action stated during the status conference that he had forwarded respondent's Rule 4(c) Report to petitioners and to an expert, Dr. Albert Cook, a neurologist, for review. No expert report was filed.

On September 1, 2017, petitioners filed a Motion for Decision Dismissing Petition, stating that they will be unable to prove they are entitled to compensation, and that to proceed any further would waste the resources of the court, respondent, and the Vaccine Program. Mot. at ¶¶ 1, 2. Petitioners state they intend to elect to file a civil action once judgment on the dismissal is entered. Id. at ¶ 5. The undersigned issued a decision granting petitioners' motion to dismiss and dismissing this case on the same day.

On September 15, 2017, petitioners filed a motion for attorneys' fees and expenses, requesting attorneys' fees of $15,139.10 and attorneys' costs of $1,133.53, for a total request of $16,272.63. Because counsel paid the filing fee, petitioners had no costs.

On September 28, 2017, respondent filed a response to petitioners' motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id. The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioners, the undersigned finds petitioners' attorneys' fees and costs request reasonable. Therefore, the undersigned **GRANTS** petitioners' Motion for Attorneys' Fees and Costs.

Accordingly, the court awards **$16,272.63**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and The Law Office of Donald P. Edwards in the amount of **$16,272.63**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: September 28, 2017                                         s/ Laura D. Millman
                                                                  Laura D. Millman
                                                                  Special Master